# EXHIBIT 3



# MUTUAL NONDISCLOSURE AGREEMENT

THIS MUTUAL NONDISCLOSURE AGREEMENT (this "**Agreement**") is made on January 18, 2017 (the "Effective Date") between Zodiac Pool Systems, Inc., a Delaware corporation, located at 2620 Commerce Way, Vista, California 92081 ("Zodiac"), and Elliptic Works LLC, located at 1764 County Road 39, Southampton, NY 11968 ("Company"). Zodiac and Company are each a "Party" to this Agreement and together are the "Parties" hereto.

WHEREAS, Zodiac is active in the business of developing, manufacturing, marketing and selling pool products; and Company is in the business of Developing, manufacturing, marketing, and selling components and systems for the pool industry_.

1. *Purpose.* The Parties wish to explore a potential business opportunity of mutual interest (the "Business Opportunity"), and in connection with the Business Opportunity, each Party may disclose to the other confidential technical and business information that the disclosing Party desires the receiving Party to treat as confidential.

2. "*Confidential Information*" means (a) any information disclosed by either Party to the other Party, either directly or indirectly, in writing, orally or by inspection of tangible objects, including, without limitation, algorithms, analyses, assets, business plans, compilations, contractual arrangements, customer data, customer lists, customer names, concepts, designs, drawings, methods, engineering and technical information, financial analysis, financial condition, forecasts, formulas, hardware configuration information, know-how, ideas, information concerning the Party's investors, innovations, inventions, manufacturing, market information, marketing plans, operations, personnel data, policies, practices, processes, procurement requirements, products, product plans, profits, projections, promotional and marketing plans, purchasing, records, research, sales and merchandising, specifications, software, source code, studies, suppliers, trade secrets, and any other information which is designated by a Party as "confidential," "proprietary" or some similar designation (collectively, the "Disclosed Materials") and (b) any information otherwise obtained, directly or indirectly, by a receiving Party through inspection, review or analysis of the Disclosed Materials. Confidential Information may also include information of a third party that is in the possession of one of the Parties and is disclosed to the other Party under this Agreement. Confidential Information shall not, however, include any information that (i) was publicly known and made generally available in the public domain prior to the time of disclosure by the disclosing Party; (ii) becomes publicly known and made generally available after disclosure by the disclosing Party to the receiving Party through no action or inaction of the receiving Party; (iii) is already in the possession of the receiving Party at the time of disclosure by the disclosing Party as shown by the receiving Party's files and records immediately prior to the time of disclosure; (iv) is obtained by the receiving Party from a third party lawfully in possession of such information and without a breach of such third party's obligations of confidentiality; or (v) is independently developed by the receiving Party without use of or reference to the disclosing Party's Confidential Information, as shown by documents and other competent evidence in the receiving Party's possession.

ZODIAC FAMILY OF BRANDS | Heritage of Excellence

USA: 800.822.7933 • CANADA: 888.647.4004 • www.zodiac.com
2015 Zodiac Pool Systems, Inc. Zodiac is a registered trademark of Zodiac International, S.A.S.U. used under license.

  

3. *Non-use and Non-disclosure.* Each Party agrees not to use any Confidential Information of the other Party for any purpose except to (i) engage in discussions concerning the Business Opportunity; (ii) evaluate the Business Opportunity; and (iii) perform its services or meet its obligations to the other Party related to the Business Opportunity. Each Party agrees not to disclose any Confidential Information of the other Party, except that, subject to Section 4 below, a receiving Party may disclose the other Party's Confidential Information to those employees of the receiving Party who are required to have the information in order to (i) engage in discussions concerning the Business Opportunity; (ii) evaluate the Business Opportunity; and (iii) perform its services or meet its obligations to the other Party related to the Business Opportunity. Neither Party shall reverse engineer, disassemble or decompile any prototypes, software or other tangible objects that embody the other Party's Confidential Information and that are provided to the Party under this Agreement.

4. *Disclosure Required by Law.* In the event that either Party is requested or required (by oral questions, interrogatories, requests for Confidential Information or documents subpoena, civil investigative demand or similar process, or by law, regulation or rule pursuant to a filing requirement) to disclose any Confidential Information, it is agreed that, to the extent reasonably possible, such Party will provide the other Party with prompt notice of such request(s) so that the Party may seek appropriate relief (including but not limited to a protective order), or waive compliance with the provisions of this Agreement, or both. It is further agreed that, if in the absence of the one Party obtaining such relief (including but not limited to a protective order), or the receipt of a waiver from the other Party hereunder, and such Party is required by law to make any disclosure of Confidential Information that is prohibited or otherwise constrained by this Agreement, such Party will make such disclosure without any liability hereunder; provided however, the Party shall take all reasonable efforts to preserve the confidentiality of the Confidential Information. Subject to the foregoing sentence, such receiving Party may furnish that portion (and only that portion) of the Confidential Information that the receiving Party is legally compelled or is otherwise legally required to disclose; provided, however, that the receiving Party provides such assistance as the disclosing Party may reasonably request in obtaining such order or other relief.

5. *Maintenance of Confidentiality.* Each Party agrees that it shall take reasonable measures to protect the secrecy of and avoid disclosure and unauthorized use of the Confidential Information of the other Party. Without limiting the foregoing, each Party shall take at least those measures that it takes to protect its own confidential information of a similar nature, but in no case less than reasonable care (including, without limitation, all precautions the receiving Party employs with respect to its confidential materials). Each Party shall ensure that its employees who have access to the other Party's Confidential Information comply with the provisions of this Agreement. No Party shall make any copies of the other Party's Confidential Information except upon the other Party's prior written approval. Each Party shall reproduce the other Party's proprietary rights notices on any such authorized copies, in the same manner in which such notices were set forth in or on the original. A Party receiving Confidential Information shall promptly notify the Party disclosing such Confidential Information of any use

or disclosure of such Confidential Information in violation of this Agreement of which the receiving Party becomes aware.

6. *No Obligation.* Nothing in this Agreement shall obligate either Party to proceed with any transaction between them, and each Party reserves the right, in its sole discretion, to terminate the discussions contemplated by this Agreement concerning the Business Opportunity.

7. *No Warranty.* ALL CONFIDENTIAL INFORMATION IS PROVIDED "AS IS." EACH PARTY MAKES NO WARRANTIES, EXPRESS, IMPLIED OR OTHERWISE, REGARDING THE ACCURACY AND COMPLETENESS OF THE CONFIDENTIAL INFORMATION.

8. *Return of Materials.* All documents and other tangible objects containing or representing Confidential Information that have been disclosed by either Party to the other Party, and all copies or extracts thereof that are in the possession of the other Party, shall be and remain the property of the disclosing Party and shall be promptly returned to the disclosing Party upon the disclosing Party's written request. Notwithstanding the foregoing, a receiving Party may retain in the offices of its legal advisor a single archival copy of any written or photographic Confidential Information provided by the other Party under this Agreement, which copy shall only be used by the receiving Party and its legal advisors in connection with the review of its obligations under this Agreement.

9. *No License.* Nothing in this Agreement is intended to grant any rights to either Party under any patent, mask work right, copyright, trade secret or other intellectual property right of the other Party, nor shall this Agreement grant any Party any rights in or to the other Party's Confidential Information.

10. *Term.* This Agreement will be valid for two (2) years from the Effective Date stated herein. The obligations of each receiving Party under this Agreement shall survive until such time as all Confidential Information of the other Party disclosed hereunder becomes publicly known and made generally available through no action or inaction of the receiving Party, but in no event more than three (3) years after the last disclosure of Confidential Information under this Agreement.

11. *Availability of Equitable Relief.* Each Party understands and agrees that its breach or threatened breach of this Agreement may cause irreparable injury to the other Party and that money damages will not provide an adequate remedy for such breach or threatened breach, and both Parties hereby agree that, in the event of such a breach or threatened breach, the non-breaching Party will also be entitled, without the requirement of posting a bond or other security, to equitable relief, including injunctive relief and specific performance. The Parties' rights under this Agreement are cumulative, and a Party's exercise of one right shall not waive the Party's right to assert any other legal remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Agreement but shall be in addition to all other remedies available at

law or equity. In the event of any legal action based upon or arising out of this Agreement, the prevailing Party in such action shall be entitled to recover attorneys' fees and costs from the other Party.

12. *Severability.* If any provision of this Agreement is found to be illegal or unenforceable, the other provisions shall remain effective and enforceable to the greatest extent permitted by law.

13. *Counterparts and Facsimiles.* The Parties may execute this Agreement in counterparts, each of which is deemed an original, but all of which together constitute one and the same agreement. This Agreement may be delivered by facsimile transmission, and facsimile copies of executed signature pages shall be binding as originals.

14. *Miscellaneous.* This Agreement shall benefit and bind the Parties and their respective successors, heirs, legal representatives and permitted assigns. This Agreement shall be governed by the laws of California without regard to California's conflicts of law rules. This Agreement constitutes the entire agreement between the Parties with respect to the Business Opportunity and supersedes all prior written and oral agreements between the Parties regarding the subject matter of this Agreement, and neither Party shall have any obligation, express or implied by law, with respect to trade secret or proprietary information of the other Party except as set forth in this Agreement. No provision of this Agreement may be waived except by a writing executed by the Party against whom the waiver is to be effective. A Party's failure to enforce any provision of this Agreement shall neither be construed as a waiver of the provision nor prevent the Party from enforcing any other provision of this Agreement. No provision of this Agreement may be amended or otherwise modified except by a writing signed by the Parties to this Agreement.

| ZODIAC POOL SYSTEMS, INC. | ELLIPTC WORKS LLC |
|---|---|
| By: *[signature]* | By: *[signature]* member |
| Name: Troy Franzen | Name: John Tortorella |
| Title: Managing Director | Title: member |