IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELLIPTIC WORKS LLC,                          )
                                             )
                    Plaintiff,               )
                                             )
          v.                                 )
                                             )   C.A. No. 25-160 (JFM)
FLUIDRA SA, ZODIAC POOL SYSTEMS LLC,         )
and ZODIAC POOL CARE EUROPE SAS,             )
                                             )
                    Defendants.              )

**DEFENDANTS' ANSWER AND DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Fluidra SA, Zodiac Pool Systems LLC ("ZPS"), and Zodiac Pool Care Europe

SAS ("ZPCE") (collectively "Defendants") hereby answer and respond to the First Amended

Complaint for alleged (1) Patent Infringement, (2) Breach of Contract, (3) Correction of

Inventorship, and (4) Misappropriation of Trade Secrets ("First Amended Complaint") filed by

Elliptic Works LLC  ("Elliptic" or "Plaintiff") on October 17, 2025 (D.I. 42), as follows:

1.      Defendants deny the allegations in Paragraph 1 of the First Amended Complaint.

2.      Defendants admit that Plaintiff has filed an action for alleged patent infringement

but deny the substance of those allegations and otherwise deny the allegations in Paragraph 2 of

the First Amended Complaint.

3.      Defendants admit that Plaintiff has filed an action for alleged breach of contract but

deny the substance of those allegations and otherwise deny the allegations in Paragraph 3 of the

First Amended Complaint.

4.      Defendants admit that Plaintiff has filed an action seeking to correct inventorship

of U.S. Patent No. 12,291,890 but deny the substance of those allegations and otherwise deny the

allegations in Paragraph 4 of the First Amended Complaint.

# JURISDICTION[1]

5. Defendants admit that this Court has jurisdiction over actions brought under the patent laws of the United States, but deny that Defendants have committed any acts of infringement or that any correction of any inventorship is required. Defendants deny any remaining allegations in Paragraph 5 of the First Amended Complaint.

6. Defendants do not contest that this Court has jurisdiction over Plaintiff's supplemental claims for alleged breach of contract and alleged violation of the Delaware Uniform Trade Secret Act, but deny that Defendants have committed any acts of wrongdoing. Defendants deny any remaining allegations in Paragraph 6 of the First Amended Complaint.

7. Defendant ZPS does not contest that this Court has jurisdiction over it. Defendants deny any remaining allegations in Paragraph 7 of the First Amended Complaint.

8. Defendant ZPCE does not contest that this Court has jurisdiction over it for purposes of this action only. Defendants deny all other allegations contained in Paragraph 8 of the First Amended Complaint.

9. Defendants deny the allegations in Paragraph 9 of the First Amended Complaint.

10. Defendant ZPCE admits that it was involved in the design and development of the FREEDOM Plus product. Defendants deny all other allegations in Paragraph 10 of the First Amended Complaint.

11. Defendant ZPCE admits that it is the assignee of U.S. patents and patent applications. Defendant ZPCE admits that Fluidra SA indirectly owns more than 10% of ZPCE's

---

[1] Defendants repeat the headings (but not the subheadings) set forth in the First Amended Complaint to simplify comparison with this response. In doing so, Defendants make no admissions regarding the substance of the headings, subheadings or any other allegations of the Complaint.

interest. Defendants deny all other allegations contained in Paragraph 11 of the First Amended Complaint.

12.     Defendant ZPCE admits that it is the assignee of U.S. patents and patent applications. Defendant ZPCE admits that Fluidra SA indirectly owns more than 10% of ZPCE's interest. Defendants deny all other allegations contained in Paragraph 12 of the First Amended Complaint.

13.     Defendant ZPCE admits that it was involved in the design and development of the FREEDOM Plus product. Defendant ZPCE admits that Fluidra SA indirectly owns more than 10% of ZPCE's interest. Defendants deny all other allegations in Paragraph 13 of the First Amended Complaint.

14.     Defendants ZPCE and ZPS admit that they filed a lawsuit styled *Zodiac Pool Systems LLC et al. v. Wybotics Co. Ltd.,* No. 2:25-cv-00582-JRG, in the Eastern District of Texas. Defendants deny any remaining allegations in Paragraph 14 of the First Amended Complaint.

## VENUE

15.     Defendants do not contest that venue is proper for purposes of the above captioned litigation only, but deny that this is the most convenient forum.

## THE PARTIES

16.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 of the First Amended Complaint and therefore deny the allegation.

17.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the First Amended Complaint and therefore deny the allegation.

18.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 18 of the First Amended Complaint and therefore deny the allegation.

19. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 of the First Amended Complaint and therefore deny the allegation.

20. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 of the First Amended Complaint and therefore deny the allegation.

21. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 21 of the First Amended Complaint and therefore deny the allegation.

22. To the extent the allegations in Paragraph 22 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations contained in Paragraph 22 of the First Amended Complaint.

23. Defendant ZPS admits that it is a limited liability company formed under the laws of the State of Delaware and that it may be served through its registered agent, Corporation Services Company, 251 Little Falls Drive, Wilmington DE 19808. Defendants deny any remaining allegations in Paragraph 23 of the First Amended Complaint.

24. Defendant ZPCE admits that it is domiciled in France and is engaged in the development of pool-related products and accessories. Defendants deny all other allegations contained in Paragraph 24 of the First Amended Complaint.

25. Defendant ZPCE admits that it is the assignee of U.S. Patent Application No. 17/395,584 that issued as U.S. Patent No. 12,291,890. Defendant ZPCE admits that it is the assignee of U.S. Patent Application No. 19/170,357 that is a continuation of U.S. Patent Application No. 17/395,584, and that U.S. Patent Application No. 19/170,357 was published as US 2025/0230679 on July 17, 2025. Defendants ZPCE admits that it has licensed rights under the '890 Patent to one or more of the other Fluidra Companies. Defendants deny all other allegations contained in Paragraph 25 of the First Amended Complaint.

## ELLIPTIC'S [ALLEGED] TRADE SECRETS AND THE RELATIONSHIP BETWEEN THE PARTIES

26.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the First Amended Complaint.

27.     Defendants admit that PCT/US2016/062602 lists on its face an international filing date of November 17, 2016, and that Sean Walsh and John Bouvier are listed as inventors. To the extent the allegations of Paragraph 27 purport to characterize the contents of a written document, said document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to all other allegations of Paragraph 27 of the First Amended Complaint and therefore deny them.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the referenced communications and therefore deny the allegations in Paragraph 28 of the First Amended Complaint.

29.     Defendant ZPS admits that it and Elliptic Works LLC entered into a Mutual Nondisclosure Agreement that is dated January 18, 2017. Defendants deny all other allegations in Paragraph 29 of the First Amended Complaint.

30.     To the extent the allegations in Paragraph 30 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 30 of the First Amended Complaint.

31.     To the extent the allegations in Paragraph 31 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 31 of the First Amended Complaint.

32.     To the extent the allegations in Paragraph 32 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 32 of the First Amended Complaint.

33.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 and therefore deny the allegations in Paragraph 33 of the First Amended Complaint.

34.     To the extent the allegations in Paragraph 34 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 34 of the First Amended Complaint.

35.     Defendants admit that PCT/US2016/062602 lists on its face Sean Walsh and John Bouvier as named inventors. Defendants lack knowledge or information sufficient to form a belief as to all other allegations of Paragraph 35 and therefore deny the allegations in Paragraph 35 of the First Amended Complaint.

36.     Defendants admit that Keith McQueen attended a meeting in New York. Defendants lack knowledge or information sufficient to form a belief as to all other allegations of Paragraph 36 and therefore deny all other allegations in Paragraph 36 of the First Amended Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the allegations in Paragraph 37 of the First Amended Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the First Amended Complaint.

39.     To the extent the allegations in Paragraph 39 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny the remaining allegations in Paragraph 39 of the First Amended Complaint.

40. Defendants deny the allegations in Paragraph 40 of the First Amended Complaint.

41. Defendant ZPCE admits that Mehdi Chafik was involved in the development of the Polaris FREEDOM Plus and is employed by ZPCE. Defendants deny all other allegations in Paragraph 41 of the First Amended Complaint.

42. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 and therefore deny the allegations in Paragraph 42 of the First Amended Complaint.

43. Defendants admit that Fluidra, S.A. and Zodiac Pool Solutions closed their merger on July 2, 2018. Defendants deny all other allegations in Paragraph 43 of the First Amended Complaint.

44. To the extent the allegations in Paragraph 44 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 44 of the First Amended Complaint.

45. To the extent the allegations in Paragraph 45 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 45 of the First Amended Complaint.

46. To the extent the allegations in Paragraph 46 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 46 of the First Amended Complaint.

47. To the extent the allegations in Paragraph 47 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 47 of the First Amended Complaint.

48.     Defendants admit that Chafik participated in a call on February 26, 2020. Defendants deny all other allegations in Paragraph 48 of the First Amended Complaint.

49.     To the extent the allegations in Paragraph 49 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 49 of the First Amended Complaint.

50.     To the extent the allegations in Paragraph 50 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 50 of the First Amended Complaint.

51.     To the extent the allegations in Paragraph 51 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 51 of the First Amended Complaint.

52.     To the extent the allegations in Paragraph 52 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 52 of the First Amended Complaint.

53.     To the extent the allegations in Paragraph 53 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 53 of the First Amended Complaint.

54.     To the extent the allegations in Paragraph 54 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 54 of the First Amended Complaint.

55.     To the extent the allegations in Paragraph 55 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 55 of the First Amended Complaint.

56. To the extent the allegations in Paragraph 56 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 56 of the First Amended Complaint.

57. To the extent the allegations in Paragraph 57 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 57 of the First Amended Complaint.

58. Defendant ZPCE admits that it filed U.S. Provisional Application No. 63/061,898 on August 6, 2020. To the extent the allegations in Paragraph 58 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations of Paragraph 58 of the First Amended Complaint.

59. Defendants deny the allegations in Paragraph 59 of the First Amended Complaint.

60. Defendant ZPCE admits that it filed U.S. Patent Application No. 17/395,584 on August 6, 2021, that the pre-grant publication date is listed as February 10, 2022, and that U.S. Patent Application No. 17/395,584 was published as U.S. Patent Publication No. 2022/0042335, and that on May 6, 2025, U.S. Patent Application No. 17/395,584 issued as U.S. Patent No. 12,291,890. Defendants deny all other allegations of Paragraph 60 of the First Amended Complaint.

61. To the extent the allegations in Paragraph 61 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations of Paragraph 61 of the First Amended Complaint.

62. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 62 of the First Amended Complaint.

63. Defendants deny the allegations in Paragraph 63 of the First Amended Complaint.

64. Defendants deny the allegations in Paragraph 64 of the First Amended Complaint.

65. Defendants deny the allegations in Paragraph 65 of the First Amended Complaint.

66. Defendants deny the allegations in Paragraph 66 of the First Amended Complaint.

67. Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

68. Defendants deny the allegations in Paragraph 68 of the First Amended Complaint.

69. Defendants deny the allegations in Paragraph 69 of the First Amended Complaint.

70. Defendants deny the allegations in Paragraph 70 of the First Amended Complaint.

71. Defendants deny the allegations in Paragraph 71 of the First Amended Complaint.

72. Defendants deny the allegations in Paragraph 72 of the First Amended Complaint.

73. Defendants deny the allegations in Paragraph 73 of the First Amended Complaint.

74. Defendants deny the allegations in Paragraph 74 of the First Amended Complaint.

75. Defendants deny the allegations in Paragraph 75 of the First Amended Complaint.

76. Defendants deny the allegations in Paragraph 76 of the First Amended Complaint.

77. Defendants deny the allegations in Paragraph 77 of the First Amended Complaint.

78. Defendants admit that Chafik participated in a call on February 26, 2020. Defendants deny all other allegations in Paragraph 78 of the First Amended Complaint.

79. Defendants deny the allegations in Paragraph 79 of the First Amended Complaint.

80. Defendants deny the allegations in Paragraph 80 of the First Amended Complaint.

**THE PATENTS-IN-SUIT**

81. Defendants admit that U.S. Patent No. 12,134,913 ("the '913 Patent") is entitled "System for visual light communication and related methods," lists on its face an issue date of November 5, 2024, and names Sean Walsh and John Bouvier as inventors. Defendants admit that

what appears to be a copy of the '913 Patent was attached as Exhibit 8 to the First Amended Complaint. Defendants deny all other allegations of Paragraph 81 of the First Amended Complaint.

82.     To the extent the allegations in Paragraph 82 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 82 of the First Amended Complaint and therefore deny them.

83.     Defendants deny the allegations in Paragraph 83 of the First Amended Complaint.

84.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 84 of the First Amended Complaint and therefore deny them.

85.     Defendants admit that U.S. Patent No. 12,366,081 ("the '081 Patent") is entitled "System for visual light communication and related methods," and lists on its face an issue date of July 22, 2025, and names Sean Walsh and John Bouvier as inventors. Defendants admit that what appears to be a copy of the '081 Patent was attached as Exhibit 15 to the First Amended Complaint. Defendants deny all other allegations of Paragraph 85 of the First Amended Complaint.

86.     To the extent the allegations in Paragraph 86 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 86 of the First Amended Complaint and therefore deny them.

87.     Defendants deny the allegations in Paragraph 87 of the First Amended Complaint.

88.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 88 of the First Amended Complaint and therefore deny them.

89.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 89 of the First Amended Complaint and therefore deny them.

**DEFENDANTS' [ALLEGEDLY] INFRINGING ACTIVITIES AND PRODUCTS**

90.     Defendants deny the allegations in Paragraph 90 of the First Amended Complaint.

91.     Defendants admit the allegations in Paragraph 91 of the First Amended Complaint.

92.     Defendants admit that the label shown in Exhibit 9 states "Manufactured in Malaysia." Defendants deny all other allegations of Paragraph 92 of the First Amended Complaint.

93.     To the extent the allegations in Paragraph 93 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations of Paragraph 93 of the First Amended Complaint.

94.     Defendants deny the allegations in Paragraph 94 of the First Amended Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the First Amended Complaint.

96.     To the extent the allegations in Paragraph 96 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations of Paragraph 96 of the First Amended Complaint.

97.     To the extent the allegations in Paragraph 97 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to all other allegations of Paragraph 97 of the First Amended Complaint and therefore deny them.

98.     To the extent the allegations in Paragraph 98 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to all other allegations of Paragraph 98 of the First Amended Complaint and therefore deny them.

99.     To the extent the allegations in Paragraph 99 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants lack knowledge

or information sufficient to form a belief as to all other allegations of Paragraph 99 of the First Amended Complaint and therefore deny them.

100.     Defendants deny the allegations in Paragraph 100 of the First Amended Complaint.

101.     To the extent the allegations in Paragraph 101 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 101 of the First Amended Complaint.

102.     To the extent the allegations in Paragraph 102 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 102 of the First Amended Complaint.

103.     To the extent the allegations in Paragraph 103 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 103 of the First Amended Complaint.

104.     To the extent the allegations in Paragraph 104 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations in Paragraph 104 of the First Amended Complaint.

105.     Defendants deny the allegations in Paragraph 105 of the First Amended Complaint.

106.     Defendants deny the allegations in Paragraph 106 of the First Amended Complaint.

107.     Defendants deny the allegations in Paragraph 107 of the First Amended Complaint.

**COUNT I –[ALLEGED] DIRECT INFRINGEMENT OF THE '913 PATENT**
**(against Fluidra Spain, Zodiac Europe and Zodiac USA)**

108.     Defendants incorporate by reference its responses to Paragraphs 1–107 of the First Amended Complaint as though set forth fully herein. Paragraph 108 of the First Amended Complaint does not contain allegations for Defendants to either admit or deny and so no response is required.

109.     Defendants deny the allegations in Paragraph 109 of the First Amended Complaint.

110.     Defendants admit that the label shown in Exhibit 9 states "Manufactured in Malaysia." Defendants deny all other allegations of Paragraph 110 of the First Amended Complaint.

111.     Defendants deny the allegations in Paragraph 111 of the First Amended Complaint.

112.     Defendants deny the allegations in Paragraph 112 of the First Amended Complaint

113.     Defendants deny the allegations in Paragraph 113 of the First Amended Complaint.

114.     Defendants deny the allegations in Paragraph 114 of the First Amended Complaint.

115.     Defendants deny the allegations in Paragraph 115 of the First Amended Complaint.

**COUNT II – [ALLEGED] INDUCED INFRINGEMENT OF THE '913 PATENT
(against Fluidra Spain, Zodiac Europe, and Zodiac USA)**

116.     Defendants incorporate by reference its responses to Paragraphs 1–115 of the First Amended Complaint as though set forth fully herein. Paragraph 116 of the First Amended Complaint does not contain allegations for Defendants to either admit or deny and so no response is required.

117.     Defendants deny the allegations in Paragraph 117 of the First Amended Complaint.

118.     Defendants deny the allegations in Paragraph 118 of the First Amended Complaint.

119.     Defendants deny the allegations in Paragraph 119 of the First Amended Complaint.

120.     Defendants deny the allegations in Paragraph 120 of the First Amended Complaint.

121.     Defendants deny the allegations in Paragraph 121 of the First Amended Complaint.

122.     Defendants deny the allegations in Paragraph 122 of the First Amended Complaint.

123.     Defendants deny the allegations in Paragraph 123 of the First Amended Complaint.

124.     Defendants deny the allegations in Paragraph 124 of the First Amended Complaint.

**COUNT III – [ALLEGED] CONTRIBUTORY INFRINGEMENT OF THE '913 PATENT**
**(against Fluidra Spain, Zodiac Europe, and Zodiac USA**

125.     Defendants incorporate by reference its responses to Paragraphs 1–124 of the First Amended Complaint as though set forth fully herein. Paragraph 125 of the First Amended Complaint does not contain allegations for Defendants to either admit or deny and so no response is required.

126.     Defendants deny the allegations in Paragraph 126 of the First Amended Complaint.

127.     Defendants deny the allegations in Paragraph 127 of the First Amended Complaint.

128.     Defendants deny the allegations in Paragraph 128 of the First Amended Complaint.

129.     Defendants deny the allegations in Paragraph 129 of the First Amended Complaint.

**COUNT IV –[ALLEGED] DIRECT INFRINGEMENT OF THE '081 PATENT**
**(against Fluidra Spain, Zodiac Europe, and Zodiac USA)**

130.     Defendants incorporates by reference its responses to Paragraphs 1–129 of the First Amended Complaint as though set forth fully herein. Paragraph 130 of the First Amended Complaint does not contain allegations for Defendants to either admit or deny and so no response is required.

131.     Defendants deny the allegations in Paragraph 131 of the First Amended Complaint.

132.     Defendants admit that the label shown in Exhibit 9 states "Manufactured in Malaysia." Defendants deny all other allegations of Paragraph 132 of the First Amended Complaint.

133.     Defendants deny the allegations in Paragraph 133 of the First Amended Complaint.

134.     Defendants deny the allegations in Paragraph 134 of the First Amended Complaint.

135.     Defendants deny the allegations in Paragraph 135 of the First Amended Complaint.

**COUNT V – [ALLEGED] INDUCED INFRINGEMENT OF THE '081 PATENT**
**(against Fluidra Spain, Zodiac Europe, and Zodiac USA)**

136.     Defendants incorporates by reference its responses to Paragraphs 1–135 of the First Amended Complaint as though set forth fully herein. Paragraph 136 of the First Amended Complaint does not contain allegations for Defendants to either admit or deny and so no response is required.

137.     Defendants deny the allegations in Paragraph 137 of the First Amended Complaint.

138.     Defendants deny the allegations in Paragraph 138 of the First Amended Complaint.

139.     Defendants deny the allegations in Paragraph 139 of the First Amended Complaint.

140.     Defendants deny the allegations in Paragraph 140 of the First Amended Complaint.

141.     Defendants deny the allegations in Paragraph 141 of the First Amended Complaint.

142.     Defendants deny the allegations in Paragraph 142 of the First Amended Complaint.

143.     Defendants deny the allegations in Paragraph 143 of the First Amended Complaint.

144.     Defendants deny the allegations in Paragraph 144 of the First Amended Complaint.

**COUNT VI – [ALLEGED] CONTRIBUTORY INFRINGEMENT OF THE '081 PATENT**
**(against Fluidra Spain, Zodiac Europe, and Zodiac USA)**

145.     Defendants incorporate by reference its responses to Paragraphs 1–144 of the First Amended Complaint as though set forth fully herein. Paragraph 145 of the First Amended Complaint does not contain allegations for Defendants to either admit or deny and so no response is required.

146.     Defendants deny the allegations in Paragraph 146 of the First Amended Complaint.

147.     Defendants deny the allegations in Paragraph 147 of the First Amended Complaint.

148.     Defendants deny the allegations in Paragraph 148 of the First Amended Complaint.

149.     Defendants deny the allegations in Paragraph 149 of the First Amended Complaint.

## COUNT VII – [ALLEGED] BREACH OF CONTRACT
### (against Zodiac USA and its successors and assigns)

150.    Defendants incorporate by reference its responses to Paragraphs 1–149 of the First Amended Complaint as though set forth fully herein. Paragraph 150 of the First Amended Complaint does not contain allegations for Defendants to either admit or deny and so no response is required.

151.    Defendant ZPCE admits that it and Elliptic Works LLC entered into a Mutual Nondisclosure Agreement that is dated January 18, 2017. To the extent the allegations in Paragraph 151 purport to characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations of Paragraph 151 of the First Amended Complaint.

152.    Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 152 of the First Amended Complaint and therefore deny them.

153.    Defendants deny the allegations in Paragraph 153 of the First Amended Complaint.

154.    Defendants deny the allegations in Paragraph 154 of the First Amended Complaint.

155.    Defendants deny the allegations in Paragraph 155 of the First Amended Complaint.

156.    Defendants deny the allegations in Paragraph 156 of the First Amended Complaint.

## COUNT VIII – [ALLEGED] DEFEND TRADE SECRETS ACT - 18 U.S.C. § 1836
### (against Zodiac USA, Zodiac Europe, Fluidra Spain)

157.    Defendants incorporate by reference its responses to Paragraphs 1–156 of the First Amended Complaint as though set forth fully herein. Paragraph 157 of the First Amended Complaint does not contain allegations for Defendants to either admit or deny and so no response is required.

158.    Defendants deny the allegations in Paragraph 158 of the First Amended Complaint.

159.    Defendants deny the allegations in Paragraph 159 of the First Amended Complaint.

160.    Defendants deny the allegations in Paragraph 160 of the First Amended Complaint.

161.    Defendants deny the allegations in Paragraph 161 of the First Amended Complaint.

**COUNT IX –[ALLEGED] DELAWARE UNIFORM TRADE SECRETS ACT - 6 DEL. C.
§ 2001 *et seq.*
(against Zodiac USA, Zodiac Europe, Fluidra Spain)**

162.    Defendants incorporate by reference its responses to Paragraphs 1–161 of the First Amended Complaint as though set forth fully herein. Paragraph 162 of the First Amended Complaint does not contain allegations for Defendants to either admit or deny and so no response is required.

163.    Defendants deny the allegations in Paragraph 163 of the First Amended Complaint.

164.    Defendants deny the allegations in Paragraph 164 of the First Amended Complaint.

165.    Defendants deny the allegations in Paragraph 165 of the First Amended Complaint.

166.    Defendants deny the allegations in Paragraph 166 of the First Amended Complaint.

**COUNT X – [ALLEGED] CORRECTION OF INVENTORSHIP OF THE '890 PATENT
UNDER 35 U.S.C. § 256
(against Zodiac Europe)**

167.    Defendants incorporate by reference its responses to Paragraphs 1–166 of the First Amended Complaint as though set forth fully herein. Paragraph 167 of the First Amended Complaint does not contain allegations for Defendants to either admit or deny and so no response is required.

168.    Defendant ZPCE admits that it is the assignee of U.S. Patent No. 12,291,890 and is an affiliate of Zodiac Pool Systems LLC. Defendant ZPCE admits that U.S. Patent No. 12,291,890 lists as inventors Arnaud Besnier, Mehdi Chafik, and Arnoud Lancry. Defendants deny all other allegations of Paragraph 168 of the First Amended Complaint.

169.    To the extent the allegations in Paragraph 104 purport to quote from or characterize the contents of a written document, said document speaks for itself. Defendants deny all other allegations of Paragraph 169 of the First Amended Complaint.

170.    Defendants admit that the U.S. Patent No. 12,291,890 has an issue date of May 6, 2025. Defendants deny all other allegations of Paragraph 170 of the First Amended Complaint.

171.    Defendants deny the allegations in Paragraph 171 of the First Amended Complaint.

172.    Defendants deny the allegations in Paragraph 172 of the First Amended Complaint.

## PRAYER FOR RELIEF

The Prayer for Relief requires no response. To the extent any response is required, Defendants deny any factual assertions contained in Prayer for Relief. Defendants deny that Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

To the extent any allegations in the First Amended Complaint are not specifically admitted, Defendants deny them.

## DEFENSES

Subject to the responses above, Defendants alleges and asserts the following defenses in response to the allegations, undertaking the burden of only as required by law. Defendants reserve the right to amend their Answer, or to modify, amend, and/or expand upon these defenses as discovery proceeds, and to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
### (Failure To State A Claim)

1.    The First Amended Complaint, and all its causes of action, fail to state a claim upon which relief may be granted.

## SECOND DEFENSE
### (Equitable Doctrines)

2.    The First Amended Complaint, and all its causes of action, are barred by the equitable doctrines of consent, waiver, estoppel, laches, *in pari delicto*, acquiescence, unclean hands, and/or other equitable doctrines.

## THIRD DEFENSE
### (Failure To State A Claim – Trade Secrets)

3.    The First Amended Complaint and Plaintiff's claims for misappropriation of trade secrets under Delaware and Federal law, fail to state facts sufficient to establish the existence of a trade secret under Delaware and Federal law.

## FOURTH DEFENSE
### (Failure To Maintain Secrecy – Trade Secrets)

4.    The First Amended Complaint and Plaintiff's claims for misappropriation of trade secrets under Delaware and Federal law, fail to state facts sufficient to establish that reasonable measures were taken to maintain secrecy of the purported trade secret.

## FIFTH DEFENSE
### (Independent Development – Trade Secrets)

5.    The First Amended Complaint and Plaintiff's claims for misappropriation of trade secrets under Delaware and Federal law, are barred because the information allegedly constituting the misappropriated trade secrets was independently developed by Defendants.

## SIXTH DEFENSE
### (Information In The Public Domain – Trade Secrets)

6.    The First Amended Complaint, and Plaintiff's claims for misappropriation of trade secrets under Delaware and Federal law, are barred because the information allegedly constituting the misappropriated trade secrets was readily ascertainable to others in the industry.

### SEVENTH DEFENSE
**(Recovery of Attorney Fees – 6 Del. C. § 2004)**

7.      Defendants may, at the Court's discretion, be entitled to recover from Plaintiff its reasonable attorneys' fees and costs of suit herein based on Plaintiff's bad faith claim of trade secret misappropriation pursuant to Delaware Code section § 2004.

### EIGHTH DEFENSE
**(Recovery of Attorney Fees – 18 U.S.C. § 1836(B)(3)(D))**

8.      Defendants may, at the Court's discretion, be entitled to recover from Plaintiff its reasonable attorneys' fees and costs of suit herein based on Plaintiff's bad faith claim of trade secret misappropriation pursuant to 18 U.S.C. § 1836(b)(3)(D).

### NINTH DEFENSE
**(Statute of Limitations)**

9.      Plaintiff's claims for breach of contract and trade secret misappropriation under State and Federal law are barred by any applicable statutes of limitation, including but not limited to for the reasons set forth in the previously filed Motion to Dismiss (D.I. 32, 33).

### TENTH DEFENSE
**(Lack of Personal Jurisdiction as to Fluidra SA)**

10.      This Court lacks personal jurisdiction over Defendant Fluidra SA.

### ELEVENTH DEFENSE
**(Non-Infringement of The Asserted Patents)**

11.      Defendants have not infringed and do not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

### TWELFTH DEFENSE
**(Prosecution History Estoppel)**

12.      By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the Asserted Patents, Plaintiff's

claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

### THIRTEENTH DEFENSE
### (Invalidity of the Patents-In-Suit)

13.　　The claims of the Asserted Patents are invalid for failure to comply with one or more provisions of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTEENTH DEFENSE
### (No Injunctive Relief)

14.　　Plaintiff is not entitled to any injunctive relief for alleged infringement of the Asserted Patents because any alleged injury to Plaintiff is not immediate or irreparable, the balance of hardships and public interest weighs against the grant of an injunction, and Plaintiff has an adequate remedy at law.

### FIFTEENTH DEFENSE
### (Limitation of Remedies)

15.　　Plaintiff's claims for relief are barred in whole or in part by the provisions of 35 U.S.C. §§ 286 and/or 288.

### SIXTEENTH DEFENSE
### (No Enhanced Damages)

16.　　Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Plaintiff has failed to show, and cannot show, that any infringement has been willful and/or egregious because Defendants have not engaged in any conduct that meets the applicable standard for willful infringement.

### SEVENTEENTH DEFENSE
### (Failure to Mark)

17.　　To the extent that Plaintiff, its alleged predecessors in interest to the Asserted

Patents, and any and all licensees of the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendants' actions allegedly infringed the Asserted Patents, Defendants are not liable to Plaintiff for the acts alleged to have been performed before receiving actual notice that they were allegedly infringing the Asserted Patents.

### EIGHTEENTH DEFENSE
### (Lack of Standing as to the Asserted Patents)

18.     Plaintiff lacks standing to bring, or maintain, its claims in connection with the Asserted Patents, including to the extent that Plaintiff did not, or does not, hold sufficient exclusionary rights under, or all substantial rights, title, and interest to, any of the Asserted Patents.

### NINETEENTH DEFENSE
### (Lack of Standing as to the Correction of Inventorship Claim)

19.     Plaintiff lacks standing to bring, or maintain, its claims as to correction of inventorship of the '890 Patent under 35 U.S.C. § 256, including to the extent that Plaintiff did not, or does not, hold rights to inventions and/or intellectual property developed by Sean Walsh.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses that become apparent during discovery.

### DEMAND FOR JURY TRIAL

Defendants request a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray that the Court enter judgment in their favor and against Plaintiff, as follows:

A.      Dismissing, with prejudice, each of Plaintiff's claims against Defendants;

B.      Denying all relief that Plaintiff seeks in its First Amended Complaint;

C.  Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Defendants

their costs and attorneys' fees; and

D.  Awarding any other relief the Court deems just and proper.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com

*Attorneys for Defendants Zodiac Pool Systems*
*LLC and Zodiac Pool Care Europe SAS*

OF COUNSEL:

Steven D. Moore
Rishi Gupta
Cecelia A. Rivera
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
(415) 576-0200

Christopher S. Leah
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309
(404) 815-6500

December 2, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 2, 2025, upon the following in the manner indicated:

Thomas H. Kramer, Esquire                                    *VIA ELECTRONIC MAIL*
OFFIT KURMAN P.A.
222 Delaware Avenue, Ste. 1105
Wilmington, DE 19801
*Attorneys for Plaintiff Elliptic Works LLC*

Wojciech V. Jackowski, Esquire                               *VIA ELECTRONIC MAIL*
Alexander Mirkin, Esquire
OFFIT KURMAN P.A.
590 Madison Avenue, 6th Floor
New York, NY 10022
*Attorneys for Plaintiff Elliptic Works LLC*

Gregory Grissett, Esquire                                    *VIA ELECTRONIC MAIL*
OFFIT KURMAN P.A.
401 Plymouth Road, Suite 100
Plymouth Meeting, PA 19462
*Attorneys for Plaintiff Elliptic Works LLC*

*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)